IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jereme Warner<br><br>v.<br><br>Kaminsky Law LLC, and Anton Kaminsky Esq.<br>66 Buck Rd Unit B, Southampton, PA 18966 | CIVIL ACTION NO: |

**COMPLAINT**

**I.    INTRODUCTION**

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2. FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt, found by the Congress to be prevalent in the debt collection industry.

3. The purpose of the FDCPA is:

> [T]o eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4. Debt collector is further subject to strict liability for suing this consumer to collect on a consumer debt, ("collection suit"), in a venue prohibited

1

by the FDCPA, over 4000 miles away from his residence, and more than 4000 miles from the county in which the underlying contract was signed by the consumer, in violation of 1692i.

5.     Defendants are subject to strict liability for making false and misleading statements, and threatening to take action, and actually attempting to take action, against consumer, charging him with common law fraud count in underlying state court litigation, which action could not have legally been taken on a contractual dispute, as confirmed by the State Court dismissal with prejudice of the Fraud count pursuant to Warner's Preliminary Objections, at the very inception of the case, now a final order.  See **Exhibit A.**

**II.     JURISDICTION**

6.     Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

7.     Defendant regularly conducts business within the Eastern District of Pennsylvania 28 U.S.C. §1391, and the filing of the state court suit, alleged to violate the FDCPA, has occurred within the Eastern District of Pennsylvania.

**III.    PARTIES and FDPCA COVERAGE**

8.     Plaintiff , Mr. Jereme Warner  ( "consumer" or "Plaintiff" ) is an adult individual who at all times relevant hereto resided in State of Arizona, Maricopa County, (Phoenix). Mr. Warner is a FAA approved commercial pilot.

9. Plaintiff is a "consumer" as that term is contemplated under the FDCPA, 15 U.S.C. §1692 a (3), as the alleged debt sough to be collected from consumer in this instance is stems from a sale of personal luxury watch item, primarily for personal and household expenses.

10. Attorney Anton Kaminsky, Esq. (hereafter " debt collector(s)"), is a "debt collector" within the meaning of the FDCPA 15 U.S.C. §1692a (6),  as he regularly collect consumer debt on behalf of another, or has attempted to collect debts on behalf of another on more than a "handful of occasions", as defined in the relevant case authority.

11. A reasonable inference that state collection suit against Warner at issue herein, is not the first time Defendants have attempted to collect consumer debt and that they have done it on more occasions, is reasonably derived from plain language of Defendants' own description of his practice areas on their website, which, in addition to the collection suit filed against Warner in Philadelphia CCP, also widely includes the following : " *Need help enforcing an agreement*", as well as: " *Kaminsky Law represents and advises several multi-million dollar businesses as outside general counsel.  He also works with small businesses to resolve their intellectual property disputes, obtain specific performance for purchases of commercial real estate, and resolve employee and vendor disputes for multi-million dollar Philadelphia based corporations*".  See **Exhibit A.**

12. Defendant Kaminsky Law LLC, is subject to liability as a "debt collector" under the meaning of FDCPA via respondent superior doctrine, due to engaging, via its agents or employees in regular debt collection activities, as described in previous paragraph herein, and is upon belief a type of limited liability corporation, or a similar business entity.

**IV.    STATEMENT OF CLAIM**

13. Defendants filed a lawsuit in Philadelphia Court of Common Pleas, on behalf of Creditor Opulent Watches, or around December of 2020 naming a sole Defendant, Plaintiff herein, Mr. Warner, docketed as OPULENT WATCHES LLC VS WARNER 201200676, ("collection suit").

14. Pleadings in the collection suit and other materials are hereby incorporated by reference, and they allege existence of a written agreement between the parties, and attach the agreement to the complaint, claiming damages in connection with a sale of a personal watch luxury item. See copy of the collection suit Complaint attached as **Exhibit B** hereto.

15. When the suit was filed, Warner resided in Phonex, AZ, and the Defendants acknowledges that by serving Warner in AZ.

16. Collection suit also acknowledges the fact that Warner entered into an online agreement from AZ, where he accepted Opulent's Terms and Conditions and

Opulent in turn sent the item at issue in collection suit to Warner's apartment in Phoenix.

## VIOLATION OF 1692 i

17.     Section 1692i governs venue of actions brought by debt collectors. It provides, in re

(a) Any debt collector who brings any legal action on a debt against a consumer shall –

(1) in the case of an action not described in paragraph (1) [paragraph (1) concerns actions involving an interest in real estate], bring such action only in the judicial district or similar legal entity –

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

18.     The parties agree that the underlying debt collection action was not an action seeking to enforce an interest in real property as described in § 1692i(a)(1).

19.     This provision was adopted by Congress to address "the problem of forum abuse, an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear, hence permitting the debt collector to obtain a default judgment." Hess v. Cohen &

Slamowitz, LLP, 637 F.3d 117, 120 (2d Cir. 2011) (quoting S.Rep. No. 95-382, at 5 (1977)) (internal quotation marks omitted).

20. It is also well settled law in this circuit that:" Considering the congressional purpose in enacting the venue provision, a venue forum selection clause, cannot supersede the FDCPA. See Hess, 637 F.3d at 120. See also Dixon v. Law Office of J. Scott Watson, E.D of Pennsylvania, 2:17-cv-05236-HB.

21. Defendants were cautioned to withdraw the collection suit against Warner in Philadelphia County, however they refused, as such their conduct is premediated, intentional.

## VIOLATION OF SECTION 1692 (e)

22. The collection suit was filed charging Warner with among other causes of action, with Fraud and Unjust Enrichment.

23. Despite Defendants own allegation of a written agreement between the parties to the collection suit, and production of the document that is the agreement, incredibly, Defendant debt collector chose not to include Breach of Contract Count, and instead charges Warner with Common Law Fraud, Unjust Enrichment and Conversion. Id.

24. Although pursuant to Warner's Motion to Reconsider ruling on his Preliminary Objections, Philadelphia Court agreed in dismissing both the Fraud

Count and the Unjust Enrichment Count against Warner, granting Warner's demurrer. See **Exhibit C.**

25. State Court's early dismissal with prejudice of Fraud and Unjust Enrichment Counts of a collection suit against Warner validates his claim that the debt collector attempted to take action that could not legally be taken against him in violation of 1692e (5) as well as 1692 (e)(10), use of false or misleading statements.

26. Defendants' conduct was willful, premediated and purposeful, in filing a collection suit in a distant forum prohibited by the FDCPA, and drafting such lawsuit to contain clearly punitive tort counts (Fraud), which are unsupported in law or fact, in order to intimidate and unduly coerce a consumer to pay their client Opulent, on a claim that is at best a breach of contract action only.

27. Defendants' conduct in filing and maintaining  (or attempting to maintain),a collection suit against Warner in a self serving venue prohibited by the FDCPA, charging causes of action  such as Fraud, which should have never been charged, is that much more outrageous, because the item sold to Plaintiff was determined to be counterfeit goods, by the makers of the watch, and upon exanimated seized as such pursuant to The Trademark Counterfeiting Act also amends the Lanham Act, which reads in pertinent part:(d)(l)(A) In case of a civil action arising under section 32(l)(a) of this Act (**15 U.S.C. § 1114**) ...with respect to a violation that consists of using a counterfeit mark in connection with the sale, offering for sale, or

distribution of goods or services, the court may, upon ex parte application, grant an order under subsection (a) of this section pursuan to this subsection providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation. See **Exhibit D.**

28.  As a proximate result of Defendants' conduct suffered and continues to suffer damages, consisting of emotional distress, out of pocket defense of the case, loss of billable flight hours and more the full extent of which is yet to be determined.

**WHEREFORE,** Plaintiff, Jereme Warner, demands judgment against the Defendants individually and jointly and severally for:

(a) Statutory Damages;

(b) Attorney's fees and costs; and

(c) Actual damages

(d) Such other and further relief as the Court shall deem just and proper.

V.  **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:  05/03/2021           _/s/_Predrag Filipovic,_Esq. (312568)_
Attorney for Plaintiff
PREDRAG FILIPOVIC
1635 Market St. Ste 1620
Philadelphia, PA 19103

Enclosures: **Exhibit A, B, C, D.**